**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Qianlong He,

Petitioner,

v.

Fred Figueroa, et al.,

Respondents.

No. CV-26-01926-PHX-DWL (MTM)

**REPORT AND RECOMMENDATION**

TO THE HONORABLE DOMINIC W. LANZA, UNITED STATES DISTRICT JUDGE:

Petitioner Qianlong He, who is confined in the Eloy Detention Center, has filed a pro se Petition Under 28 U.S.C. § 2241 challenging his immigration detention.[1] (Doc. 1.)

## I. SUMMARY OF CONCLUSION

Petitioner is subject to detention pursuant to 8 U.S.C. § 1226(a) by the Department of Homeland Security Immigration and Customs Enforcement and has been detained since December 10, 2025. Because Petitioner entered the United States through the Visa Waiver Program, he gave up any right to contest removal except through the asylum process. Petitioner's application for asylum was denied on March 26, 2026. On April 27, 2026, Petitioner filed a deficient appeal with the Board of Immigration Appeals (BIA), which was rejected on April 29, 2026. The BIA granted Petitioner an extension of time to refile his appeal and those proceedings appear to be ongoing. The Court will recommend that the

[1] The record reflects that Petitioner is now represented by counsel.

Petition for Writ of Habeas Corpus be granted in part, and Petitioner be granted a bond hearing in the first instance.

## II. BACKGROUND

Petitioner, a native and citizen of China, entered the United States from Mexico on or about August 20, 2018, under the Visa Waiver Program (VWP) using a Korean passport to effectuate his entry. (Doc. 10-1, Exh. A.) On November 7, 2019, Petitioner's case was referred to an Immigration Judge as a Visa Waiver Program violator. (Doc. 10-1, Exh. B.)

On December 10, 2025, search warrants were served by law enforcement relating to a criminal investigation regarding a conspiracy to harbor and unlawfully employ illegal aliens. (Doc. 10-1, Exh. A.) During the execution of the search warrant, agents encountered and arrested Petitioner as well as several illegal aliens of Mexican or Guatemalan descent. (*Id.*) Petitioner was arrested as a VWP overstay and taken into custody pending his immigration court proceedings. (Id.)

Because Petitioner entered through the Visa Waiver Program, relief from removal was limited to asylum-only proceedings. Petitioner's asylum application was denied by the IJ on March 26, 2026, and Petitioner was ordered removed to China. (Doc. 10-3, Exh. C.) On April 27, 2026, Petitioner filed a deficient appeal with the BIA, which was rejected on April 29, 2026. (Doc. 10-4, Exh. D.) According to the limited record before the Court, the BIA granted an extension of time to refile his appeal and those proceedings appear to be ongoing.

## III. PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS

In his Petition and reply, Petitioner claims his prolonged detention without a hearing on danger and flight risk violates the Due Process Clause of the Fifth Amendment. Petitioner also claims that Respondents' seizure and arrest violated the Fourth Amendment and he asserts a violation of the Administrative Procedures Act. Because the Court recommends that the Petition for Writ of Habeas Corpus be granted in part, and Petitioner be granted a bond hearing in the first instance, the Court need not reach Petitioner's Fourth Amendment and APA claims.

## IV. DISCUSSION

The district court is empowered to issue a writ of habeas corpus where an individual is held "in custody in violation of the Constitution or laws or treaties of the United States . . . ." 28 U.S.C. § 2241(c)(3). The language of § 2241 and "the common-law history of the writ" makes clear "that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475 484 (1973) (noting that the writ of habeas corpus "was early recognized by [the Supreme] Court as a 'great constitutional privilege'"). The Supreme Court has made clear that § 2241 applies to noncitizens challenging their immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001).

Because Petitioner challenges his prolonged civil detention, the Court has jurisdiction to address the instant Petition. *See Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) ("[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of the removal order . . . .").

Four statutes grant the Government authority to detain certain aliens during removal proceedings: 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), and 1231(a). *Avilez v. Garland*, 69 F.4th 525, 529 (9th Cir. 2023). An alien's place "within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." *Id.* (quoting *Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008)). Sections 1225(b) and 1226(a) are at issue in this action.

Generally, the Government's decision regarding who may enter the United States and who may stay here after entering "begins at the Nation's borders and ports of entry," and is governed by § 1225. *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). Under § 1225, "an alien who 'arrives in the United States,' or 'is present' in this country but 'has

not been admitted,' is treated as 'an applicant for admission.'" *Id.* (quoting 8 U.S.C. § 1225(a)(1)).

"Section 1226 generally governs the process of arresting and detaining" aliens present in the United States if the alien falls "within one or more . . . classes of deportable aliens." *Id.* at 288. "Section 1226(a) sets out the default rule: The Attorney General may issue a warrant for the arrest and detention of an alien 'pending a decision on whether the alien is to be removed from the United States.'" *Id.* (quoting 8 U.S.C. § 1226(a)). "Except as provided in [§ 1226(c)] and pending such decision, the Attorney General . . . may release the alien on . . . bond . . . or conditional parole[.]" 8 U.S.C. § 1226(a). "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (quoting 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). At the bond hearing an immigration judge considers whether the alien is a flight risk or danger to the community. *Avilez*, 69 F.4th at 530; *see also Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) ("If at this hearing the detainee demonstrates by the preponderance of the evidence that he is not 'a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk,' the IJ will order his release." (citations omitted)).

Respondents argue that Petitioner is ineligible for a bond hearing because he was admitted under the Visa Waiver Program and is lawfully detained pursuant to 8 U.S.C. § 1187(c)(2)(E). In support, Respondents rely on *Matter of A.W.*, 25 I. & N. Dec. 45 (BIA 2009).

The VWP permits nationals of designated countries to enter the United States without a visa for up to ninety days. 8 U.S.C. § 1187. In exchange, participants waive the right to contest removal except through applications for asylum, withholding of removal, or protection under the Convention Against Torture. 8 U.S.C. § 1187(b). Those pursuing such relief receive asylum-only proceedings, and if relief is denied, they may be removed without further removal proceedings. 8 C.F.R. § 217.4(a)(1).

Respondents contend that § 1187(c)(2)(E) independently authorizes Petitioner's continued detention. That provision states,

> The government of the country accepts for repatriation any citizen, former citizen, or national of the country against whom a final executable order of removal is issued not later than three weeks after the issuance of the final order of removal. Nothing in this subparagraph creates any duty for the United States or any right for any alien with respect to removal or release. Nothing in this subparagraph gives rise to any cause of action or claim under this paragraph or any other law against any official of the United States or of any State to compel the release, removal, or consideration for release or removal of any alien.

8 U.S.C. § 1187(c)(2)(E).

The Court is not persuaded. A number of courts that have recently considered this issue have concluded that § 1187 does not provide an independent source of detention authority because it neither addresses the detention of VWP entrants nor otherwise authorizes their continued custody. *See, e.g.*, *Quispe v. Chestnut*, 2026 WL 654577, at *3 (E.D. Cal. Mar. 9, 2026); *Molina v. Soto*, 2025 WL 3281820, at *2-3 (D.N.J. Nov. 25, 2025); *Lee v. Warden, Buffalo Fed. Detention Facility*, 2026 WL 1413151, at *3-4 (W.D.N.Y. May 20, 2026). These courts have likewise declined to follow the BIA's interpretation in *Matter of A.W.*, reasoning that "the VWP does not have its own detention provision." *Gjergj v. Edwards*, 2019 WL 1254561, at *2 (D.N.J. Mar. 18, 2019); *see also Neziri v. Johnson*, 187 F. Supp. 3d 211, 213 (D. Mass. 2016); *Szentkiralyi v. Ahrendt*, 2017 WL 3477739, at *4-5 (D.N.J. Aug. 14, 2017). Instead, a VWP entrant's detention "must instead arise from one of the other statutory provisions expressly covering aliens subject to detention during their removal proceedings." *Gjergj*, 2019 WL 1254561, at *2.

The Court agrees with this reasoning. Section 1187 governs the terms of admission and the scope of judicial review available to VWP entrants, but it does not independently authorize their detention. Accordingly, because Petitioner has resided in the United States for several years and is presently in removal proceedings, his detention is governed by 8 U.S.C. § 1226(a), not § 1187(c)(2)(E). *See, e.g.*, *Quispe*, 2026 WL 654577, at *3.

Because Petitioner is detained under § 1226(a), he is entitled to the procedural protections afforded by that statute, including an individualized bond hearing before an immigration judge. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202 (9th Cir. 2022) ("Section 1226(a) and its implementing regulations provide extensive procedural protections … including an initial bond hearing before a neutral decisionmaker.").

## V. CONCLUSION

As discussed above, the statute governing Petitioner's detention is 8 U.S.C. § 1226(a) and thus Petitioner is entitled to a hearing. The Court will recommend that the Petition be granted in part and will recommend that Respondents be ordered to hold a bond hearing in the first instance.

Accordingly,

**IT IS RECOMMENDED** that the Petition (Doc. 1) be granted in part and that Petitioner be provided a bond hearing in the first instance.

**IT IS FURTHER RECOMMENDED** that Respondents be ordered to provide Petitioner such hearing within seven (7) business days of the entry of judgment.

**IT IS FURTHER RECOMMENDED** that Respondents be ordered to file a notice of compliance within three (3) days of providing Petitioner a hearing.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

\\\

\\\

\\\

\\\

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 15th day of July, 2026.

Michael T. Morrissey

Honorable Michael T. Morrissey
United States Magistrate Judge